**Martin HOOD, Plaintiff—Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant—Appellee.**

No. 02–15084.

D.C. No. CV–99–00025–DAE.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Dec. 5, 2003.

---

6. *Guagliardo,* 278 F.3d at 872; *see also United States v. Loy,* 237 F.3d 251, 266 (3d Cir.2001).

7. ER 10.

8. *See, e.g., Loy,* 237 F.3d at 269; *United States v. Paul,* 274 F.3d 155, 166 (5th Cir.2001) (citing *Loy,* 237 F.3d at 269).

9. Maj. op. at 3 (citing ER 16).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Harrison Stewart Latto, Law Office of Harrison S. Latto, Portland, OR, for Plaintiff–Appellant.

Lisa M. Ginoza, Mark J. Bennett, and Kevin A. Souza, Esq., McCorriston, Miller & Mukai & MacKinnon LLP, Honolulu, HI, for Defendant–Appellee.

Before KLEINFELD, GOULD, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Appellant Martin Hood appeals from an order of the United States District Court for the District of Hawai'i granting appellee State Farm Fire and Casualty Company's motion to strike Hood's demand for a jury trial. Hood concedes that his jury demand was untimely under Rule 81 of the Federal Rules of Civil Procedure, see Fed. R.Civ.P. 81(c). Nevertheless, Hood maintains that this rule should not be interpreted to deny the district court discretion to grant Hood's jury demand where the untimeliness of the demand resulted solely from his inadvertence. We review for abuse of discretion. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002).

Our established law precludes Hood's claim: "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp. v. HIH Casualty & Gen. Ins. Ltd.*, 239 F.3d 1000, 1002 (9th Cir.2001); *see also Zivkovic*, 302 F.3d at 1086. Hood does not make any showing of cause for the untimeliness of his demand. Our panel is without authority to alter the law of this circuit, which can only be done by an en banc court. *United States v. Hayes*, 231 F.3d 1132, 1139–40 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2000). The district court under settled precedent was required to strike Hood's untimely jury demand.

**AFFIRMED.**